UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA    )
    )
v.    )    Nos. 2:19-CR-021
    )    2:19-CR-101
    )
RUSSELL FROELICH    )
a/k/a RUSSELL ALLEN FROELICH    )

## MEMORANDUM AND ORDER

The defendant has pled guilty to methamphetamine distribution offenses and will be sentenced on March 10, 2020. The United States Probation Office has prepared and disclosed its Presentence Investigation Report ("PSR") [Case No. 2:19-CR-021, doc. 44], to which the defendant has filed two objections. [Case No. 2:19-CR-021, doc. 47; Case No. 2:19-CR-101, doc. 20].[1] The United States has responded to the objections [doc. 53] and the probation office has issued its PSR Addendums. [Docs. 59, 61].[2]

The Court will address the defendant's objections in turn.

I.

*Safety Valve*

By his first objection, the defendant argues that he is entitled to application of the safety valve. *See* 18 U.S.C. § 3553(f). The United States initially disagreed, arguing that the defendant had not yet *truthfully* debriefed. [Docs. 53, 59]. However, the Court has

---

[1] Unless expressly noted otherwise, all subsequent record citations herein are to the docket in Case No. 2:19-CR-021.

[2] An additional addendum (doc. 60) is identical to document 59 and was filed in error.

subsequently been advised that the defendant has now in fact truthfully debriefed.  As such, he is no longer subject to a 120-month mandatory minimum sentence and will be granted a two-level downward variance to compensate for the former guideline safety valve.  His first objection will be sustained.

II.

*Mitigating Role*

Next, the defendant objects that he is entitled to a mitigating role adjustment under United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 3B1.2.  That guideline provides for downward adjustments of two, three, or four levels for persons who were "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A).  The four-level reduction for "minimal" role "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group" and who had a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others."  *Id.* cmt. n.4.  The two-level reduction for "minor" role applies to a defendant "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."  *Id.* cmt. n.5.  A three-level reduction is recommended for defendants falling between "minor" and "minimal" participation.  U.S.S.G. § 3B1.2.

As an example, the Guidelines' commentary provides that a person whose participation in the conspiracy was limited to transporting drugs and who is held accountable for only the quantity of drugs he personally transported may receive an adjustment under this guideline.  *Id.* cmt. n.3(A).  The defendant bears the burden of proof

by a preponderance of the evidence. *United States. v. Elder*, 90 F.3d 1110, 1134 (6th Cir. 1996).

Factors to be considered include:

> - The degree to which the defendant understood the scope and structure of the criminal activity.
>
> - The degree to which the defendant participated in planning or organizing the criminal activity.
>
> - The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.
>
> - The nature and extent of the defendant's participation in the commission of the criminal activity, including acts the defendant performed and the responsibility and discretion the defendant had in performing those acts.
>
> - The degree to which the defendant stood to benefit from the criminal activity.

*Id.* cmt. n.3(C).

The United States concedes that the defendant should receive a two-level minor participant reduction. [Docs. 53, 61]. The Court accepts the parties' agreement on this point. The defendant's *primary* role in these cases appears to have been the transportation of drugs, and it appears that co-defendant Denise Froelich had greater authority and involvement in the methamphetamine's procurement and subsequent distribution.

The defendant argues, however, that his mitigating role reduction should be greater than two levels. [Doc. 57]. The Court has weighed and considered the factors cited above, along with the arguments presented by the parties. Having done so, the Court concludes that no further mitigating role adjustment is warranted.

The factual bases of the defendant's plea agreements (signed by the defendant and his attorney) are incorporated into his PSR. [Doc. 44, ¶¶ 13-26]. There, the defendant has admitted that:

1. On at least three occasions, he accompanied Denise Froelich on road trips to Arizona to acquire more than 40 pounds of methamphetamine. [*Id.* ¶ 15].

2. The defendant would rent a vehicle for those trips and, "[a]fter meeting with the drug suppliers," would drive back to Tennessee in tandem with Denise Froelich who would be in a separate vehicle. [*Id.* ¶ 16].

3. The defendant would receive payment after each shipment arrived in Tennessee. [*Id.* ¶¶ 16-17].

4. On November 28, 2018, "the defendant *and* Denise Froelich met with a drug supplier. *The two* retrieved multiple pounds of methamphetamine from the supplier." [*Id.* ¶ 17] (emphasis added).

5. In February 2019, "the defendant *and* Denise Froelich agreed to rent another car" to be used in a trip to Arizona for the purpose of acquiring methamphetamine. [*Id.* ¶ 18] (emphasis added).

6. During a traffic stop, the defendant falsely told law enforcement that he was returning from a family visit to Arizona, thereby attempting to prevent discovery of the methamphetamine in the trunk of his vehicle. [*Id.* ¶ 19].

7. Text messages on the defendant's phone showed discussions of car and hotel rentals for his and Denise Froelich's trips to Arizona. [*Id.* ¶ 25].

Together, these admissions show that the defendant understood the scope and structure of the criminal activity. He participated in the planning of that activity. He knowingly transported methamphetamine, met with suppliers, and endeavored to conceal the drugs during transport. He was paid for each trip he made. That degree of

understanding, participation, and reward dictates that no more than a two-level mitigating role adjustment is deserved in this case.

III.

*Conclusion*

As provided herein, the defendant's first objection to his PSR is **SUSTAINED** and his second objection is **SUSTAINED IN PART**. [Case No. 2:19-CR-021, doc. 47; Case No. 2:19-CR-101, doc. 20]. The defendant's total offense level will be reduced by two, pursuant to U.S.S.G. § 3B1.2(b), entitling him to an additional four-level reduction under U.S.S.G. § 2D1.1(a)(5).[3] His total offense level, with full acceptance of responsibility, becomes 29. The Court will then apply a two-level downward variance to account for the former guideline safety valve, leaving the defendant with a total offense level of 27.

Sentencing remains set for Tuesday, March 10, 2020, at 10:15 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge

---

[3] Guideline 2D1.1(a)(5) provides that a drug defendant who has a base offense level of 38 but who also receives a mitigating role adjustment shall receive an additional four-level decrease in his offense level. *See* U.S.S.G. § 3B1.2 cmt. n.6.